**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

REY JIMENEZ-JUAREZ,

*Petitioner,*

v.

ERIC H. HOLDER JR., Attorney General,

*Respondent.*

No. 09-72766
B.I.A. No.
A079-749-288

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted
January 11, 2011—Seattle, Washington

Filed March 31, 2011

Before: Susan P. Graber and Milan D. Smith, Jr.,
Circuit Judges, and Roger T. Benitez,* District Judge.

Opinion by Judge Benitez

*The Honorable Roger T. Benitez, United States District Judge for the Southern District of California, sitting by designation.

## COUNSEL

Matt Adams and Betsy Tao, Northwest Immigrant Rights Project, Tacoma, Washington, for the petitioner.

Russell J.E. Verby and Jennifer Levings, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for the respondent.

## OPINION

BENITEZ, District Judge:

In this appeal, we consider whether a felony conviction for child molestation in the third degree under Revised Code of Washington section 9A.44.089 constitutes a crime of child abuse within the meaning of 8 U.S.C. § 1227(a)(2)(E)(i). We conclude that it does.

Petitioner Rey Jimenez-Juarez, a native and citizen of Mexico with lawful permanent resident status in the United States, petitions for review of a final order of removal by the Board of Immigration Appeals ("BIA"). Petitioner pleaded guilty to violating Revised Code of Washington section 9A.44.089, child molestation in the third degree. Section 9A.44.089 prohibits a person from having sexual contact with a minor who is 14 or 15 years of age when the perpetrator is at least forty-eight months older than the minor.

Because of Petitioner's conviction, the government charged Petitioner as removable as an alien convicted of an aggravated felony, an alien convicted of a crime of moral turpitude, and an alien convicted of a crime of child abuse. The immigration judge concluded that Petitioner's conviction constituted an aggravated felony, a crime of moral turpitude, and a crime of child abuse. The BIA affirmed. Petitioner timely petitions for review.

We review de novo whether a state conviction is a removable offense, except to the extent that we owe deference to the BIA's interpretation of statutes and regulations that the BIA administers. *Fregozo v. Holder*, 576 F.3d 1030, 1034 (9th Cir. 2009). To determine whether a conviction under section 9A.44.089 constitutes a crime of child abuse,[1] we apply the categorical approach set forth in *Taylor v. United States*, 495 U.S. 575, 600-02 (1990).

"Under the categorical approach, we 'compare the elements of the statute of conviction with a federal definition of the crime to determine whether conduct proscribed by the [state] statute is broader than the generic federal definition,' looking only at the fact of conviction and the statutory definition." *Fregozo*, 576 F.3d at 1035 (alteration in original) (quoting *Quintero-Salazar v. Keisler*, 506 F.3d 688, 692 (9th Cir. 2007)). "In doing so, we '[do not] examine the [facts underlying] the prior offense, but look only to the fact of conviction and the statutory definition of the prior offense.' " *Quintero-Salazar*, 506 F.3d at 692 (quoting *United States v. Corona-Sanchez*, 291 F.3d 1201, 1203 (9th Cir. 2002) (en banc)).

**[1]** An alien is deportable if "convicted of . . . a crime of child abuse." 8 U.S.C. § 1227(a)(2)(E)(i). Congress has not defined a "crime of child abuse" so, in *Fregozo*, 576 F.3d at

---

[1]For the reasons discussed below, we hold that Petitioner's conviction constitutes a crime of child abuse. We therefore do not address whether it is also an aggravated felony or a crime of moral turpitude.

1035, we deferred to the BIA's reasonable interpretation of that term as set forth in *In re Velazquez-Herrera*, 24 I. & N. Dec. 503 (B.I.A. 2008). Under that interpretation, a "crime of child abuse" is any offense that (1) involves an intentional, knowing, reckless, or criminally negligent act or omission that (2) constitutes maltreatment of a child or that impairs a child's physical or mental well-being, including sexual abuse or exploitation. *Fregozo*, 576 F.3d at 1036 (quoting *In re Velazquez-Herrera*, 24 I. & N. Dec. at 512). We hold that the elements of section 9A.44.089 fit within the BIA's definition.

**[2]** First, section 9A.44.089 meets the *mens rea* requirement of the federal definition, which requires at least a criminally negligent act. To be convicted under section 9A.44.089, a person must make "sexual contact," which the Washington Supreme Court has defined as " 'any touching of the sexual or other intimate parts of a person *done for the purpose of gratifying sexual desire of either party or a third party*.' " *See State v. Stevens*, 143 P.3d 817, 821 (Wash. 2006) (emphasis added) (quoting the definition for sexual contact in Wash. Rev. Code § 9A.44.010(2)). Acting with the purpose of gratifying a sexual desire is an intentional act, which exceeds the minimum *mens rea* required under the federal definition.

**[3]** Second, section 9A.44.089 meets the *actus reus* requirement in the federal definition, which requires an act that " 'constitutes maltreatment of a child or that impairs a child's physical or mental well-being.' " *Fregozo*, 576 F.3d at 1036 (quoting *In re Velazquez-Herrera*, 24 I. & N. Dec. at 512). Section 9A.44.089 makes illegal the act of touching the sexual or other intimate parts of the victim when the victim is either 14 or 15 years old and the perpetrator is at least forty-eight months older.[2] This conduct, at a minimum, constitutes

---

[2]That element distinguishes section 9A.44.089 from California's misdemeanor child endangerment statute, Cal. Penal Code § 273a(b), which we found not to be a categorical crime of child abuse in *Fregozo*, 576 F.3d at 1037. In that case, we observed that a person could violate § 273a(b),

maltreatment of a child and impairs the child's mental well-being.

Accordingly, we conclude that Petitioner's conviction under section 9A.44.089 is categorically a crime of child abuse. The petition for review is **DENIED**.

---

for example, by "placing an unattended infant in the middle of a tall bed without a railing, even though the child was never injured." *Id.* That act "creates only potential harm to a child," so it fell outside the scope of the BIA's definition of a crime of child abuse. *Id.* Here, by contrast, a person violates section 9A.44.089 only when the person physically touches the sexual or intimate parts of a child no older than 15. Such an act categorically constitutes maltreatment of a child and impairs the child's mental well-being.