**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
      *Plaintiff-Appellee*,

      v.

JOSE ALVARADO-PINEDA, AKA Jose
Alvarado-Pinedo,
      *Defendant-Appellant*.

No. 13-50528

D.C. No.
3:12-cr-00537-
BTM-1

OPINION

Appeal from the United States District Court
for the Southern District of California
Barry T. Moskowitz, Chief District Judge, Presiding

Argued and Submitted
November 20, 2014—Pasadena, California

Filed December 19, 2014

Before: A. Wallace Tashima, William A. Fletcher,
and Jay S. Bybee, Circuit Judges.

Opinion by Judge W. Fletcher

## SUMMARY[*]

### Criminal Law

Affirming a conviction for illegal reentry, the panel held that a conviction of second-degree robbery under section 9A.56.190 of the Revised Code of Washington is a "theft offense," and that such a conviction, accompanied by a sentence of imprisonment of at least one year, therefore qualifies as an "aggravated felony" under 8 U.S.C. § 1101(a)(43)(G).

The panel concluded that because the defendant's aggravated felony conviction renders him ineligible for relief from his underlying removal orders, he suffered no prejudice from any procedural defects that may have occurred in the removal proceedings, and the district court therefore correctly denied his motion to dismiss the indictment based on those alleged defects.

### COUNSEL

Joseph M. McMullen (argued), San Diego, California, for Defendant-Appellant.

Christopher Alexander (argued), Assistant United States Attorney, and Bruce R. Castetter, Chief, Appellate Section, Criminal Division, Office of the United States Attorney, San Diego, California, for Plaintiff-Appellee.

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**OPINION**

W. FLETCHER, Circuit Judge:

In this appeal, we must decide whether a defendant convicted of second-degree robbery under section 9A.56.190 of the Revised Code of Washington and sentenced to prison for at least one year has been convicted of an aggravated felony under federal law. We hold that he has.

## I. Background

Jose Alvarado-Pineda is a 29-year-old Mexican national who first entered the United States in about 2003. In 2004, he stole a wallet in Seattle, Washington, and was convicted of second-degree robbery in violation of section 9A.56.190 of the Revised Code of Washington. In 2005, while serving a 14-month prison sentence, he was served with a notice informing him of the Department of Homeland Security ("DHS")'s intent to issue a final administrative removal order. The notice alleged that Alvarado-Pineda had been convicted of an aggravated felony — the robbery — and charged him as removable on that basis. Alvarado-Pineda signed the portion of the notice admitting the allegations and the charge, and waiving his right to an appeal. He was removed to Mexico three days later.

Over the next six years, Alvarado-Pineda reentered the United States three times. Each time, he was apprehended. After his first reentry, in 2005, he was charged with two counts of illegal entry in violation of 8 U.S.C. § 1325. He pled guilty to the charges and was sentenced to twelve months in prison. In 2006, after serving that sentence, he was served with a notice to appear; he stipulated to his

removability, waiving his right to a hearing and an appeal, and was removed to Mexico. After his second reentry, in 2006, he was charged with illegal reentry in violation of 8 U.S.C. § 1326. He pled guilty to a lesser charge of illegal entry, and was sentenced to four years in prison. In the written plea agreement, Alvarado-Pineda agreed to a stipulated removal and to "waive[] any right to appeal, reopen or challenge" the subsequently entered removal order. In 2010, near the end of his prison term, DHS reinstated Alvarado-Pineda's 2006 removal order, and removed him to Mexico.

In 2011, Alvarado-Pineda reentered the United States for a third and final time. He was apprehended near the U.S.-Mexico border and was indicted on one count of illegal reentry in violation of 8 U.S.C. § 1326. Before the district court, Alvarado-Pineda moved to dismiss the indictment on the ground that his prior removal orders had been entered in violation of his Fifth Amendment due process rights. The district court denied the motion and, after a bench trial, convicted Alvarado-Pineda of illegal reentry. This appeal followed.

## II. Discussion

We review de novo the denial of a motion to dismiss an indictment under 8 U.S.C. § 1326 when the motion is based on alleged due process defects in an underlying deportation proceeding. *United States v. Ubaldo-Figueroa*, 364 F.3d 1042, 1047 (9th Cir. 2004).

A

"To convict an alien criminal defendant of illegal reentry under 8 U.S.C. § 1326, the government must prove that the alien left the United States under order of exclusion, deportation, or removal, and then illegally reentered." *United States v. Barajas-Alvarado*, 655 F.3d 1077, 1079 (9th Cir. 2011) (internal footnote omitted). A noncitizen charged with illegal reentry therefore "has a Fifth Amendment right to collaterally attack his removal order because the removal order serves as a predicate element of his conviction." *Ubaldo-Figueroa*, 364 F.3d at 1047; *see also United States v. Mendoza-Lopez*, 481 U.S. 828, 837–38 (1987). Since 1996, that right has been codified at 8 U.S.C. § 1326(d).

To mount a collateral attack under § 1326(d),

> a defendant must, within constitutional limitations, demonstrate (1) that he exhausted all administrative remedies available to him to appeal his removal order, (2) that the underlying removal proceedings at which the order was issued improperly deprived him of the opportunity for judicial review, and (3) that the entry of the order was fundamentally unfair.

*Ubaldo-Figueroa*, 364 F.3d at 1048; *see* 8 U.S.C. § 1326(d). An underlying order is "fundamentally unfair" if (1) a defendant's due process rights were violated by defects in his underlying deportation proceeding, and (2) he suffered prejudice as a result of the defects. *Ubaldo-Figueroa*, 364 F.3d at 1048.

As a general matter, a defendant who has been convicted of an aggravated felony cannot show that he was prejudiced by defects in his underlying proceedings. *United States v. Garcia-Martinez*, 228 F.3d 956, 963–64 (9th Cir. 2000). This is so because noncitizens convicted of aggravated felonies are removable on that basis, *see* 8 U.S.C. § 1227(a)(2)(A)(iii), and are ineligible for almost all forms of discretionary relief. *See id.* § 1228(b)(5) (barring persons not admitted into the United States, and convicted of aggravated felonies, from "any relief from removal that the Attorney General may grant in the Attorney General's discretion"); *see also id.* § 1158(b)(2)(B)(i) (barring persons convicted of aggravated felonies from applying for asylum); *id.* § 1229b(a)(3) (cancellation of removal); *id.* § 1229c(a)(1) (voluntary departure).

There are exceptions to this general rule, but they are not relevant here. For example, a person who has been convicted of some statutorily enumerated aggravated felonies, but who is otherwise eligible to apply for admission into the United States, may apply for a waiver of inadmissibility under 8 U.S.C. § 1182(h). *See Negrete-Ramirez v. Holder*, 741 F.3d 1047, 1053–54 (9th Cir. 2014). An aggravated felony conviction also does not automatically bar an application for certain forms of hardship relief, including withholding of removal, *see* 8 U.S.C. § 1231(b)(3), and a T- or U-visa, *see id.* § 1101(a)(15)(T), (U). Alvarado-Pineda has not demonstrated that he has "plausible grounds for relief" under any of these provisions, or that any other exceptions apply. *United States v. Gonzalez-Valerio*, 342 F.3d 1051, 1054 (9th Cir. 2003).

Accordingly, if Alvarado-Pineda was convicted of an aggravated felony, his collateral attacks based on alleged procedural defects must necessarily fail.

B

The government offers two reasons why Washington second-degree robbery constitutes an aggravated felony. It argues that (1) it is a "crime of violence," 8 U.S.C. § 1101(a)(43)(F); and (2) it is a "theft offense," *id.* § 1101(a)(43)(G). If second-degree robbery under Washington law is either a crime of violence or a theft offense, a defendant convicted of violating the statute and sentenced to a "term of imprisonment [of] at least one year" has been convicted of an aggravated felony. *Id.* § 1101(a)(43)(F), (G). The district court concluded that second-degree robbery is a "crime of violence," and on that basis held that Alvarado-Pineda, who was sentenced to a 14-month prison term, had been convicted of an aggravated felony. We affirm on a different ground: we hold that a conviction under the statute is a conviction of a "theft offense."

Under the Immigration and Nationality Act, a statute may qualify as an aggravated felony if it is a "theft offense." 8 U.S.C. § 1101(a)(43)(G). We have defined generic "theft" as "a taking of property or an exercise of control over property without consent with the criminal intent to deprive the owner of the rights and benefits of ownership." *United States v. Corona-Sanchez*, 291 F.3d 1201, 1205 (9th Cir. 2002) (en banc) (quoting *Hernandez-Mancilla v. INS*, 246 F.3d 1002, 1009 (7th Cir. 2001)). Generic theft, in other words, requires (1) the taking of (2) property (3) without consent (4) with the intent "to deprive the owner of rights and

benefits of ownership." *See id.*; *see also Mandujano-Real v. Mukasey*, 526 F.3d 585, 589–90 (9th Cir. 2008).

To determine whether a defendant has been convicted of a "generic" crime, such as theft, we employ the categorical approach. That is, we "compare the elements of the statute forming the basis of the defendant's conviction with the elements of the 'generic' crime." *Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013). "The prior conviction qualifies as [the generic offense] only if the statute's elements are the same as, or narrower than, those of the generic offense." *Id.* A state offense qualifies as a generic offense — and therefore, in this case, as an aggravated felony — only if "the 'full range of conduct covered by [the state statute] falls within the meaning'" of the generic offense. *Mandujano-Real*, 526 F.3d at 589 (quoting *Martinez-Perez v. Gonzales*, 417 F.3d 1022, 1026 (9th Cir. 2005)).

The State of Washington defines second-degree robbery as the "tak[ing of] personal property from the person of another or in his or her presence against his or her will," when accompanied by the use of force or the fear of injury. Wash. Rev. Code § 9A.56.190. Though the statute does not explicitly provide that specific intent to steal is an element of the crime, the state courts have so held. *State v. Sublett*, 292 P.3d 715, 730 (Wash. 2012). The crime thus "requires (1) taking (2) personal property (3) from another person or from another's immediate presence (4) against his or her will (5) by force or threatened force (6) with the specific intent to steal." *Id.* A comparison of the elements of the statute to the elements of generic theft makes clear that the "full range of conduct" criminalized by Washington second-degree robbery falls within the meaning of generic theft in that both require (1) the taking of (2) personal property (3) without consent and

(4) with the specific intent to steal. One leading treatise states that "[r]obbery consists of all [the] elements of larceny . . . plus two additional requirements": that the property be taken from the victim's presence, and that the taking be accomplished by means of force or fear. 3 Wayne R. LaFave, *Substantive Criminal Law* § 20.3 (2d ed. 2003). In Washington, as elsewhere, theft is a lesser-included offense of robbery. *State v. Satterlee*, 361 P.2d 168, 169 (Wash. 1961); *State v. Herrera*, 977 P.2d 12, 13 n.1 (Wash. Ct. App. 1999); *see also* LaFave, *supra*, § 20.3 n.2. That is, a defendant charged with robbery can be convicted of theft if the evidence of force or fear is insufficient to sustain a guilty verdict on robbery.

Alvarado-Pineda cites Washington cases that define somewhat broadly the "force" required by the statute. *See State v. Ammlung*, 644 P.2d 717, 721 (Wash. Ct. App. 1982) ("Any force or threat, no matter how slight, which induces an owner to part with his property is sufficient to sustain a robbery conviction."). While this authority might bear on whether Washington second-degree robbery is a "crime of violence" — a question we do not reach — it has little relevance to whether the statute criminalizes the essential elements of theft.

We conclude that a conviction for Washington second-degree robbery, where accompanied by a sentence of at least one year, qualifies as an "aggravated felony" under 8 U.S.C. § 1101(a)(43)(G). Because Alvarado-Pineda was sentenced to a 14-month prison term, he was convicted of an aggravated felony.

Conclusion

Because we conclude that Alvarado-Pineda was convicted of an aggravated felony in 2004, we need not decide whether his underlying removal proceedings were defective, or whether the plea agreement he signed in 2007 bars him from attacking those proceedings. Because he is ineligible for relief, he suffered no prejudice from any procedural defects that may have occurred, and the district court correctly denied his motion to dismiss his indictment.

**AFFIRMED.**