**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, <br><br> v. <br><br> FRANCISCO SALGADO MARTINEZ, AKA Crisoforo Salgado Martinez, *Defendant-Appellant*. | No. 12-30185 <br><br> D.C. No. 2:11-cr-06071-FVS-1 <br><br><br> OPINION |

Appeal from the United States District Court
for the Eastern District of Washington
Fred L. Van Sickle, Senior District Judge, Presiding

Argued and Submitted March 8, 2013
Submission Withdrawn and Deferred March 14, 2013
Resubmitted May 8, 2015
Seattle, Washington

Filed May 28, 2015

Before: William A. Fletcher, Johnnie B. Rawlinson,
and David M. Ebel,[*] Circuit Judges.

Opinion by Judge Rawlinson

---

[*] The Honorable David M. Ebel, Senior Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

## SUMMARY[**]

### Criminal Law

The panel reversed the district court's denial of the defendant's motion to dismiss an indictment alleging that he was found in the United States subsequent to an order of removal in violation of 8 U.S.C. § 1326, and remanded.

The panel held that the defendant was not removable based on an aggravated felony because a conviction for third-degree child molestation under Wash. Rev. Code § 9A44.089 (2001) does not categorically meet the generic definition of sexual abuse of a minor due to missing elements in the statute.

The panel was unable to resort to the modified categorical approach because the Washington statute is indivisible and is missing elements of the generic definition of sexual abuse of a minor: "abuse" based on "physical or psychological harm in light of the age of the victim in question," and a "sexual act" involving skin-to-skin contact.

### COUNSEL

Rebecca L. Pennell (argued), Federal Defenders of Eastern Washington & Idaho, Yakima, Washington, for Defendant-Appellant.

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

Michael C. Ormsby, United States Attorney, and Alison L. Gregoire (argued), Assistant United States Attorney, Yakima, Washington, for Plaintiff-Appellee.

## OPINION

RAWLINSON, Circuit Judge:

Appellant Francisco Salgado Martinez (Martinez) challenges the district court's denial of his motion to dismiss an indictment alleging that he was found in the United States subsequent to an order of removal in violation of 8 U.S.C. § 1326. Martinez asserts that the underlying removal order was invalid because his conviction for third-degree child molestation in violation of Wash. Rev. Code § 9A.44.089 (2001) was not an aggravated felony. Because recent developments in the law support Martinez's claim, we reverse the district court's denial of Martinez's motion to dismiss the indictment.

## I.   BACKGROUND

In 2001, Martinez pled guilty to third-degree child molestation in violation of Wash. Rev. Code § 9A.44.089. Martinez, a lawful permanent resident, was subsequently served with a notice to appear because his conviction was an aggravated felony "relating to . . . the sexual abuse of a minor." 8 U.S.C. § 1101(a)(43)(A). The Immigration Judge ordered Martinez's removal from the United States based on his admission to the charges in the notice to appear.

In 2011, Martinez was indicted for being found in the United States subsequent to his removal in violation of

8 U.S.C. § 1326. Martinez filed a motion to dismiss the indictment premised on a challenge to the validity of the underlying removal order. Martinez asserted that his removal violated his due process rights because his state conviction was not an aggravated felony. According to Martinez, Washington's third-degree child molestation offense was broader than the generic offense of sexual abuse of a minor because it criminalized sexual contact involving the touching of a minor over clothing.

The district court denied Martinez's motion to dismiss the indictment. The district court concluded that Martinez's removal comported with due process requirements because Martinez's third-degree child molestation conviction categorically qualified as sexual abuse of a minor. Relying on our decision in *Jimenez-Juarez v. Holder*, 635 F.3d 1169 (9th Cir. 2011), the district court opined that Martinez's conviction was a categorical match to the generic offense of sexual abuse of a minor because, under *Jimenez-Juarez*, the act of sexual touching of a 14- or 15-year old victim by one who is at least 48 months older constitutes, at a minimum, "maltreatment of a child and impairs the child's mental well-being," *id.* at 1171, and was therefore categorically "abuse." *Id.*

Martinez filed a timely notice of appeal.

## II. STANDARD OF REVIEW

"We review de novo the denial of a motion to dismiss an indictment under 8 U.S.C. § 1326 when the motion is based on alleged due process defects in an underlying deportation proceeding." *United States v. Alvarado-Pineda*, 774 F.3d 1198, 1201 (9th Cir. 2014) (citation omitted).

## III. DISCUSSION

Martinez contends that his prior removal was invalid because his third-degree child molestation conviction did not categorically qualify as an aggravated felony.

"To convict an alien criminal defendant of illegal reentry under 8 U.S.C. § 1326, the government must prove that the alien left the United States under order of exclusion, deportation, or removal, and then illegally reentered." *Id.* (citation omitted). "A noncitizen charged with illegal reentry therefore has a Fifth Amendment right to collaterally attack his removal order because the removal order serves as a predicate element of his conviction. . . ." *Id.* (citations and internal quotation marks omitted). "An underlying order is fundamentally unfair if (1) a defendant's due process rights were violated by defects in his underlying deportation proceeding, and (2) he suffered prejudice as a result of the defects." *Id.* (citation and internal quotation marks omitted). Where a prior removal order is premised on the commission of an aggravated felony, a defendant who shows that the crime of which he was previously convicted was not, in fact, an aggravated felony, has established both that his due process rights were violated and that he suffered prejudice as a result. *See United States v. Camacho-Lopez*, 450 F.3d 928, 930 (9th Cir. 2006).

In ascertaining whether Martinez's removal was validly premised on his commission of an aggravated felony, "we employ the categorical approach. That is, we compare the elements of the statute forming the basis of [Martinez's] conviction with the elements of the generic crime." *Alvarado-Pineda*, 774 F.3d at 1202 (citation and internal quotation marks omitted). "The prior conviction qualifies as

the generic offense only if the statute's elements are the same as, or narrower than, those of the generic offense." *Id.* (citation and alteration omitted). "A state offense qualifies as a generic offense—and therefore, in this case, as an aggravated felony—only if the full range of conduct covered by the state statute falls within the meaning of the generic offense." *Id.* (citation, alteration, and internal quotation marks omitted).

At the time of Martinez's conviction, Wash. Rev. Code § 9A.44.089 (2001) provided:

> (1) A person is guilty of child molestation in the third degree when the person has, or knowingly causes another person under the age of eighteen to have, sexual contact with another who is at least fourteen years old but less than sixteen years old and not married to the perpetrator and the perpetrator is at least forty-eight months older than the victim.
>
> (2) Child molestation in the third degree is a class C felony.

Under Washington law, "'[s]exual contact' means any touching of the sexual or other intimate parts of a person done for the purpose of gratifying sexual desire of either party or a third party." Wash. Rev. Code § 9A.44.010(2) (2001) (internal quotation marks omitted).

We conclude that Martinez's conviction for third-degree child molestation does not categorically qualify as an aggravated felony. An aggravated felony is defined by 8 U.S.C. § 1101(a)(43)(A), *inter alia*, as "murder, rape, or

sexual abuse of a minor[.]" The issue raised in this appeal is whether the Washington offense of third-degree child molestation constitutes "sexual abuse of a minor." *Id.* In a series of opinions, we have articulated an evolving generic definition of this offense. In *Estrada-Espinoza v. Mukasey*, 546 F.3d 1147 (9th Cir. 2008) (en banc), *overruled on other grounds by United States v. Aguila-Montes de Oca*, 655 F.3d 915 (9th Cir. 2014) (en banc) (per curiam), *abrogated by Descamps v. United States*, 133 S. Ct. 2276 (2013), we held that "the generic offense of 'sexual abuse of a minor' requires four elements: (1) a mens rea level of knowingly; (2) a sexual act; (3) with a minor between the ages of 12 and 16; and (4) an age difference of at least four years between the defendant and the minor." *Estrada-Espinoza*, 546 F.3d at 1152 (citation and internal quotation marks omitted).

In *United States v. Medina-Villa*, 567 F.3d 507 (9th Cir. 2009), we determined that the generic offense of sexual abuse of a minor was not limited to the elements delineated in *Estrada-Espinoza*. Instead, we reasoned that *Estrada-Espinoza*'s definition "encompassed statutory rape crimes only—that is, sexual offenses involving older as well as younger adolescents, not crimes prohibiting conduct harmful to younger children specifically. . . ." *Id.* at 514. We have since interpreted *Medina-Villa* and its progeny as recognizing "a residual category of 'sexual abuse of a minor' . . . that encompasses statutes where (1) the conduct proscribed is sexual; (2) the statute protects a minor; and (3) the statute requires abuse. . . ." *United States v. Gomez*, 757 F.3d 885, 904 (9th Cir. 2014) (citation, alteration, and some internal quotation marks omitted).

In *Gomez*, we applied this definitional framework in concluding that an Arizona statute prohibiting "attempted

sexual conduct with a minor under the age of 15" was not
categorically an offense involving sexual abuse of a minor.
*Id.* at 900, 902.    At issue in *Gomez* was whether the
defendant's conviction for violating Ariz. Rev. Stat. § 13-
1405 warranted a sixteen-level enhancement under U.S.S.G.
§ 2L1.2(b)(1)(A)(ii) as a crime of violence.  *See id.* at 902.
Pursuant to A.R.S. § 13-1405:

> A.  A person commits sexual conduct with a
> minor by intentionally or knowingly engaging
> in sexual intercourse or oral sexual contact
> with any person who is under eighteen years
> of age.

> B.  Sexual conduct with a minor who is under
> fifteen years of age is a class 2 felony and is
> punishable pursuant to § 13-705. Sexual
> conduct with a minor who is at least fifteen
> years of age is a class 6 felony. Sexual
> conduct with a minor who is at least fifteen
> years of age is a class 2 felony if the person is
> or was the minor's parent, stepparent,
> adoptive parent, legal guardian or foster
> parent or the minor's teacher or clergyman or
> priest and the convicted person is not eligible
> for suspension of sentence, probation, pardon
> or release from confinement on any basis
> except as specifically authorized by § 31-233,
> subsection A or B until the sentence imposed
> has been served or commuted.

In determining that the Arizona statute was missing elements
of the generic definition of sexual abuse of a minor, we held:

A conviction under this statute does not meet the definition set forth in *Estrada–Espinoza* for two reasons: (1) it lacks the age difference requirement; and (2) is broader than the generic offense with respect to the age of the minor because the statute applies to persons under eighteen years of age. Here, analyzing the 'under fifteen' version of § 13–1405, the statute continues to lack the age difference element. Section 13–1405 also does not meet the generic definition of sexual abuse of a minor under the *Medina–Villa* framework as it lacks the element of 'abuse.' Again, analyzing the 'under fifteen' version, the statute continues to lack the element of 'abuse' because the statute may apply to victims who are not younger than fourteen years.

*Id.* at 904 (citations and some internal quotation marks omitted).

We similarly conclude that Wash. Rev. Code § 9A.44.089 (2001), an indivisible statute, does not categorically meet the generic definition of sexual abuse of a minor due to its missing elements. Indeed, the Washington statute "criminalizes a broader swath of conduct than the relevant generic offense," *Descamps*, 133 S. Ct. at 2281, because it criminalizes touching over clothing as opposed to the generic offense's requirement of skin-to-skin contact. *See State v. Soonalole*, 992 P.2d 541, 544 & n.13 (Wash. Ct. App. 2000) (holding that "the fondling and thigh rubbing over the victim's clothes" constituted a separate act of third-degree child molestation for double jeopardy purposes); *see also*

*United States v. Castro*, 607 F.3d 566, 570 (9th Cir. 2010), as amended (holding that a California statute prohibiting lewd and lascivious acts on a child was categorically broader than the generic definition for sexual abuse of a minor because "[l]ewd touching [under the state statute] can occur through a victim's clothing and can involve any part of the victim's body").

"In the absence of a categorical match, we may, in some circumstances, apply the modified categorical approach, under which we consider whether certain documents in the record or judicially noticeable facts show that the conviction qualifies as an aggravated felony. . . ." *Aguilar-Turcios v. Holder*, 740 F.3d 1294, 1301 (9th Cir. 2014) (citation and internal quotation marks omitted). However, we are unable to resort to the modified categorical approach because the Washington statute "has a single, indivisible set of elements" and is missing elements of the generic definition of sexual abuse of a minor. *Descamps*, 133 S. Ct. at 2282; *see also Gomez*, 757 F.3d at 903–04. The Washington offense is missing the element of "abuse" as required under the *Medina-Villa* standard, because it does not require "abuse" based on "physical or psychological harm in light of the age of the victim in question." *Medina-Villa*, 567 F.3d at 513 (citations and internal quotation marks omitted). The Washington offense is also missing the element of a "sexual act" as required under the *Estrada-Espinoza* analysis, because a conviction may be based on touching over clothing while the generic offense "requires, at a minimum, an intentional touching, not through the clothing, of a minor's genitalia." *Castro*, 607 F.3d at 570. Because the state offense is missing elements of sexual abuse of a minor, we may not consult the relevant documents relating to Martinez's conviction in ascertaining whether he committed an aggravated felony. *See*

*United States v. Aguilera-Rios*, 769 F.3d 626, 637 (9th Cir. 2014), *as amended* ("Because the statute is missing an element of the generic crime, our inquiry ends here—we do not undertake a modified categorical analysis.") (citation and alterations omitted).[1]

Applying *Jimenez-Juarez*, the district court reached an opposite conclusion and held that Martinez's prior conviction was categorically an aggravated felony because it encompassed "abuse." However, in *Jimenez-Juarez*, we confined our analysis to whether the petitioner's conviction under Wash. Rev. Code § 9A.44.089 constituted "child abuse" as defined in 8 U.S.C. § 1227(a)(2)(E), and did not otherwise address whether the offense was an aggravated felony involving sexual abuse of a minor. *See Jimenez-Juarez*, 635 F.3d at 1170 & n.1.[2] We therefore applied the less stringent definition for child abuse which relates to "any offense that (1) involves an intentional, knowing, reckless, or criminally negligent act or omission that (2) constitutes maltreatment of a child or that impairs a child's physical or mental well-being, including sexual abuse or exploitation." *Id.* at 1171 (citation omitted). In contrast, the generic offense of sexual abuse of a minor categorically corresponds only to those crimes that fit the narrower definitions set out in

---

[1] *Gomez* and *Castro* apply to Martinez's collateral challenge to the underlying removal order because his appeal "concerns not the duty to *inform* the noncitizen of his eligibility for *relief* in a removal proceeding, but whether he was removable at all." *Aguilera-Rios*, 769 F.3d at 631 (emphases in the original).

[2] The Notice To Appear in this case charged Martinez as removable only because he had committed an aggravated felony as defined in 8 U.S.C. § 1101(a)(43)(A), for a crime of "sexual abuse of a minor."

*Estrada-Espinoza* (for statutory rape crimes) and *Medina-Villa* (for crimes of "abuse").

## IV.    CONCLUSION

We conclude that Martinez was not removable based on an aggravated felony. A conviction premised on a violation of Wash. Rev. Code § 9A.44.089 (2001) does not categorically meet the generic definition of sexual abuse of a minor due to the missing elements in the statutory provision. Because the Washington statute is indivisible, we may not resort to the modified categorical approach in determining whether Martinez's conviction constituted an aggravated felony that would warrant his removal. Reversal of the district court's denial of Martinez's motion to dismiss the indictment is justified because the government is unable to demonstrate, as required for a violation of 8 U.S.C. § 1326, that Martinez was removed pursuant to a valid removal order. *See Alvarado-Pineda*, 774 F.3d at 1201 (articulating that "the removal order serves as a predicate element of [the defendant's] conviction") (citations omitted).

**REVERSED and REMANDED.**