
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-30192 |
| Plaintiff - Appellee, | D.C. No. 6:13-cr-00338-AA-1 |
| v. | |
| RAMON GARCIA-YEPEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, Chief District Judge, Presiding

Submitted October 16, 2015[**]
Portland, Oregon

Before: TASHIMA and BEA, Circuit Judges and BURNS,[***] District Judge.

Ramon Garcia-Yepez was indicted for violating 8 U.S.C. § 1326(a). He filed

a motion to dismiss the indictment in district court. The court denied the motion.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Larry A. Burns, District Judge for the U.S. District Court for the Southern District of California, sitting by designation.

He pleaded guilty and was convicted. He appeals his conviction and argues that the district court wrongly denied his motion to dismiss.

We review de novo the denial of a motion to dismiss an indictment under 8 U.S.C. § 1326 when the motion is based on alleged due process defects in an underlying deportation proceeding. *United States v. Alvarado-Pineda*, 774 F.3d 1198, 1201 (9th Cir. 2014) (citing *United States v. Ubaldo-Figueroa*, 364 F.3d 1042, 1047 (9th Cir. 2004)).

The immigration judge in the underlying deportation proceeding did not err when he informed Garcia-Yepez that he was removable based on his conviction in state court for possessing methamphetamine in violation of California Health & Safety Code section 11377(a). The judge's assertion was correct. *Coronado v. Holder*, 759 F.3d 977, 984-86 (9th Cir. 2014). Furthermore, the immigration judge did not err by relying on Garcia-Yepez's in-court admission that he was convicted of possessing methamphetamine. In light of Garcia-Yepez's admission, the immigration judge did not need to consult the documents of conviction. *Perez-Mejia v. Holder*, 663 F.3d 403, 410, 416 (9th Cir. 2011).

Garcia-Yepez's argument that the immigration judge violated his due process rights is without merit. Thus, the district court properly denied his motion to dismiss the indictment.

**AFFIRMED.**