FILED
United States Court of Appeals
Tenth Circuit

July 11, 2016

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

RAUL A. VARGAS-ORTIZ,

    Defendant - Appellant.

No. 15-1292
(D.C. No. 1:14-CR-00258-MSK-DW-1)
(D. Colo.)

_____

ORDER AND JUDGMENT[*]
_____

Before **HARTZ**, **O'BRIEN**, and **PHILLIPS**, Circuit Judges.
_____

Defendant Raul Vargas-Ortiz pleaded guilty to one count of illegal reentry of a

previously deported alien following an aggravated felony conviction. *See* 8 U.S.C. §

1326(a), (b)(2). Under his plea agreement he reserved his right to appeal the district

court's denial of his motion to dismiss the indictment on the ground that his previous

deportation proceeding in December 2002 violated due process. We have jurisdiction

under 28 U.S.C. § 1291 and affirm.

Vargas-Ortiz could bring a collateral challenge to his prior deportation order in a

criminal prosecution for illegal reentry only by demonstrating that (1) he "exhausted any

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

administrative remedies that may have been available to seek relief against the order; (2) the deportation proceedings at which the order was issued improperly deprived [him] of the opportunity for judicial review; and (3) the entry of the order was fundamentally unfair." 8 U.S.C. § 1326(d). "An underlying order is 'fundamentally unfair' if (1) a defendant's due process rights were violated by defects in his underlying deportation proceeding, and (2) he suffered prejudice as a result of the defects." *U.S. v. Alvarado-Pineda*, 774 F.3d 1198, 1201 (9th Cir. 2014). We deny Vargas-Ortiz relief because he failed to show fundamental unfairness.

Vargas-Ortiz's challenge to the fairness of his deportation proceeding concerns the failure of the immigration judge (IJ) to advise him accurately about the possibility of obtaining relief from deportation through petitions previously filed by his relatives. We have held that an IJ does not deny an alien due process by failing to advise him of discretionary avenues of relief. *See U.S. v. Aguirre-Tello,* 353 F.3d 1199, 1205 (10th Cir. 2004) (en banc). But in any event, Vargas-Ortiz's prior experiences had made him fully aware of those possibilities. His status as the immediate relative of a lawfully present sponsor had been approved by United States Customs and Immigration Service (USCIS) based on two separate I-130 petitions filed on his behalf, one by his wife and one by his mother. Five years before the deportation proceeding he filed an I-485 petition for permanent residency that relied on the approval of his mother's I-130 petition. USCIS initially denied this residency petition, but agreed to reopen it in January 2002 at his request.

2

Thus, Vargas-Ortiz does not complain of any failure of the IJ to give general advice. Rather, he focuses on the IJ's failure to inform him that these possible avenues of relief were still available. At the time of his removal hearing in December 2002, his petition for residency was pending and the option to file a second petition based on his marriage apparently remained open.

We perceive no denial of due process. The IJ did all he could under the circumstances to encourage Vargas-Ortiz to check on the status of his prior petitions. At the deportation hearing the IJ raised the petition filed by Vargas-Ortiz's wife as a possible avenue of relief, but Vargas-Ortiz informed him that it had been denied. When counsel for the United States was unable to confirm the denial, the IJ asked if Vargas-Ortiz had filed a petition earlier that year. Vargas-Ortiz again stated that he had been told that "everything was denied." R., Vol. 1 at 303. The IJ then asked if he wanted "to wait and get the uh permanent file so we can study and see exactly what happened in that case." R., Vol. 1 at 303. Vargas-Ortiz declined and twice more told the IJ that he knew the petition was denied. Finally, the IJ said, "Alright. Well I'll go based on what you say." R., Vol. 1 at 304.

There is no denial of due process where the record demonstrates that Vargas-Ortiz was aware of possible avenues of relief, he was given the opportunity to investigate whether any might still be available to him, and he knowingly and repeatedly declined the offer. The collateral challenge to the indictment must be dismissed because

3

Vargas-Ortiz has not met the requirements of § 1326(d).

We AFFIRM the judgment of the district court.

Entered for the Court


Harris L Hartz
Circuit Judge