**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 15 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| JOSE CORNELIO LAZALDE-ZUNIGA, AKA Jose Cornelio Lasalde-Zuniga, AKA Jose Zuniga-Lazalde, Petitioner, v. JEFFERSON B. SESSIONS III, Attorney General, Respondent. | No.  16-70328  Agency No. A074-316-693  MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 12, 2018
San Francisco, California

Before:  SCHROEDER, GOULD, and DIAZ,** Circuit Judges.

Jose Cornelio Lazalde-Zuniga ("Lazalde-Zuniga") petitions for review of the

denial by the Immigration Judge ("IJ") and Board of Immigration Appeals ("BIA")

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Albert Diaz, United States Circuit Judge for the U.S. Court of Appeals for the Fourth Circuit, sitting by designation.

(collectively, the "Agency") of his application under 8 U.S.C. § 1229b(a) for cancellation of removal. The Agency denied his application upon a determination that he was removable, because his conviction under A.R.S. § 13-1405(A) was a categorical match to "a crime of child abuse" under 8 U.S.C. § 1227(a)(2)(E)(i).

The BIA has interpreted "a crime of child abuse" to mean "any offense involving an intentional, knowing, reckless, or criminally negligent act or omission that constitutes maltreatment of a child or that impairs a child's physical or mental well-being, including sexual abuse or exploitation." *In re Velazquez-Herrera*, 24 I. & N. Dec. 503, 512 (BIA 2008).

The *mens rea* required under A.R.S. § 13-1405(A) meets the *mens rea* requirement of the federal definition, because the Arizona statute prohibits "intentionally or knowingly engaging in sexual intercourse or oral sexual contact with" a minor.

A.R.S. § 13-1405(A) also meets the *actus reus* requirement of the federal definition. The Arizona statute prohibits "sexual intercourse or oral sexual contact with any person who is under eighteen years of age," A.R.S. § 13-1405(A), which "constitutes maltreatment of a child" and "impairs a child's . . . mental well-being." *In re Velazquez-Herrera*, 24 I. & N. Dec. at 512; *see also Jimenez-Juarez v. Holder*, 635 F.3d 1169, 1171 & n.2 (9th Cir. 2011).

The Arizona statute is therefore a categorical match to the federal crime of child abuse. Neither the BIA's definition, nor our case law requires knowledge of the age of the victim. *See Jimenez-Juarez*, 635 F.3d at 1171; *In re Velazquez-Herrera*, 24 I. & N. Dec. at 512.

Lazalde-Zuniga's arguments concerning "sexual abuse of a minor" under 8 U.S.C. § 1101(a)(43)(A) and "a crime involving moral turpitude" under 8 U.S.C. § 1182(a)(2)(A)(i)(I) are irrelevant to whether Lazalde-Zuniga's conviction is a match to the less stringent definition of "a crime of child abuse" under 8 U.S.C. § 1227(a)(2)(E)(i). *See, e.g.*, *United States v. Martinez*, 786 F.3d 1227, 1232–33 (9th Cir. 2015).

**Petition DENIED**.