**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   18-50072 |
| Plaintiff-Appellee, | DC No. CR 16-02163 MMA |
| v. | |
| RAFAEL MATA-JIMENEZ, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Michael M. Anello, District Judge, Presiding

Submitted January 7, 2019[**]
Pasadena, California

Before:    TASHIMA and WATFORD, Circuit Judges, and ZOUHARY,[***]
District Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2)(C).

[***]    The Honorable Jack Zouhary, United States District Judge for the Northern District of Ohio, sitting by designation.

Defendant Rafael Mata-Jimenez ("Mata-Jimenez") appeals the district court's denial of his motion to dismiss an indictment charging him with illegal reentry after deportation under 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291. We review the district court's decision de novo, *United States v. Reyes-Bonilla*, 671 F.3d 1036, 1042 (9th Cir. 2012), and we affirm.

Mata-Jimenez, a native and citizen of Mexico, entered a conditional guilty plea to illegal reentry under 8 U.S.C. § 1326(a) and (b) after the district court denied his motion to dismiss the indictment. Mata-Jimenez contends that the district court should have granted his motion to dismiss the indictment under 8 U.S.C. § 1326(d) because the underlying removal order violated his due process rights.

To succeed in challenging the validity of an underlying removal order under § 1326(d), a defendant must demonstrate that: (1) he exhausted any available administrative remedies; (2) "the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review;" and (3) "the entry of the order was fundamentally unfair." 8 U.S.C. § 1326(d). To satisfy the third requirement, a defendant must show that his "due process rights were violated by defects in the underlying deportation proceeding" and that he

2

"suffered prejudice as a result of the defects." *United States v. Becerril-Lopez*, 541 F.3d 881, 885 (9th Cir. 2008).

Because demonstrating prejudice is a necessary and indispensable element to Mata-Jimenez's challenge under § 1326(d), his challenge must fail. Mata-Jiminez was convicted of an aggravated felony which negates any prejudice. *See United States v. Alvarado-Pineda*, 774 F.3d 1198, 1201–02 (9th Cir. 2014) ("As a general matter, a defendant who has been convicted of an aggravated felony cannot show that he was prejudiced by defects in his underlying proceedings."). Prior to his 2015 removal order, Mata-Jimenez was convicted of felony infliction of a corporal injury on a spouse under California Penal Code § 273.5(a) and sentenced to five years' imprisonment. This Circuit has held that a conviction under § 273.5(a) is categorically a crime of violence under 18 U.S.C. § 16(a). *See Banuelos-Ayon v. Holder*, 611 F.3d 1080, 1086 (9th Cir. 2010) (applying the categorical approach and holding that Cal. Penal Code § 273.5(a) is a categorical match to 18 U.S.C. § 16(a)). A conviction under 18 U.S.C. § 16(a) with a term of imprisonment of "at least one year" is an aggravated felony under the Immigration and Nationality Act ("INA"). *See* 8 U.S.C. § 1101(a)(43)(F) (defining an "aggravated felony" as including "a crime of violence (as defined in section 16 of Title 18, but not including a purely political offense) for which the term of imprisonment [is] at

least one year"). Because Mata-Jimenez was convicted under § 273.5, a categorical match to a crime of violence as defined by 18 U.S.C. § 16(a), and sentenced to five years' imprisonment, his conviction constitutes an aggravated felony under the INA. Consequently, he cannot show prejudice under § 1326(d) and his collateral challenge fails. *Alvarado-Pineda*, 774 F.3d at 1201–02.

Accordingly, the district court correctly denied Mata-Jimenez's motion to dismiss the indictment.

**AFFIRMED.**