**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-10199 |
| Plaintiff-Appellee, | D.C. No. 5:17-cr-00130-LHK-1 |
| v. | |
| JOSE BERNAL RAMIREZ, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Lucy H. Koh, District Judge, Presiding

Argued and Submitted July 18, 2019
San Francisco, California

Before: PAEZ and RAWLINSON, Circuit Judges, and ANELLO,** District Judge.

Jose Bernal Ramirez is a native and citizen of Mexico. In 2011, Ramirez

was convicted of assault and second-degree robbery in violation of California

Penal Code §§ 245(a)(1) and 211, respectively. An immigration judge ordered

Ramirez removed from the United States in 2013. Ramirez reentered the country

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

** The Honorable Michael M. Anello, United States District Judge for
the Southern District of California, sitting by designation.

and was indicted on one count of illegal reentry in violation of 8 U.S.C. § 1326(a). Ramirez moved to dismiss the indictment under § 1326(d) based on the purported invalidity of the 2013 removal order. The district court denied the motion and found Ramirez guilty as charged after a stipulated facts bench trial. Ramirez appeals the district court's denial of his motion to dismiss. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review de novo the district court's denial of a motion to dismiss an indictment under § 1326(d). *See United States v. Alvarado-Pineda*, 774 F.3d 1198, 1201 (9th Cir. 2014). To succeed in collaterally challenging a removal order, a defendant must show: (1) he exhausted his administrative remedies; (2) the deportation proceedings improperly denied him judicial review; and (3) entry of the removal order was fundamentally unfair. 8 U.S.C. § 1326(d). The third requirement is satisfied if the defendant shows that "the deportation proceeding violated the [defendant's] due process rights and [h]e suffered prejudice as a result." *United States v. Reyes-Bonilla*, 671 F.3d 1036, 1043 (9th Cir. 2012) (quotation omitted).

Ramirez cannot establish the required prejudice. To do so, Ramirez must establish that he had "plausible grounds for relief" from the 2013 removal order. *Id.* at 1049. Ramirez was removable as an aggravated felon. *See United States v. Vasquez-Gonzalez*, 901 F.3d 1060, 1068 (9th Cir. 2018) (holding that Cal. Penal

2

Code § 245(a)(1) is categorically an aggravated felony); *United States v. Martinez-Hernandez*, --- F.3d ---, 2019 WL 3332591, *1 (9th Cir. July 25, 2019) (same for Cal. Penal Code § 211). The only relief available to Ramirez as an aggravated felon would have been a waiver of inadmissibility under 8 U.S.C. § 1182(h). *See Negrete-Ramirez v. Holder*, 741 F.3d 1047, 1054 (9th Cir. 2014). A waiver under this section may be granted only if an individual's "denial of admission would result in extreme hardship" to a United States citizen or lawfully resident immediate relative. 8 U.S.C. § 1182(h)(1)(B). Ramirez has not demonstrated that his removal would have resulted in extreme hardship to his lawful permanent resident mother at the time of his removal proceedings in 2013. *See Contra United States v. Arrieta*, 224 F.3d 1076, 1082 (9th Cir. 2000). Because Ramirez has not shown plausible relief from the removal order underlying his illegal reentry conviction, he cannot show prejudice. *See Vasquez-Gonzalez*, 901 F.3d at 1070.

Ramirez's alternative argument that the immigration judge lacked jurisdiction over his removal proceedings due to a defective Notice to Appear is foreclosed by our holding in *Karingithi v. Whitaker*, 913 F.3d 1158, 1160 (9th Cir. 2019).

**AFFIRMED**.

18-10199