**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 23 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARCEL F. SZCZYPKA,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.   19-71555

Agency No. A089-448-597

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted July 15, 2020
San Francisco, California

Before: IKUTA and HURWITZ, Circuit Judges, and TAGLE,** District Judge.

Marcel Szczypka, a Polish citizen and lawful permanent resident of the United

States, was convicted of robbery in violation of Nev. Rev. Stat. ("N.R.S.")

§ 200.380. He was then charged as removable for having committed an "aggravated

felony," namely, a felony theft offense. *See* 8 U.S.C. § 1101(a)(43)(G). Szczypka

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Hilda G. Tagle, United States District Judge for the Southern District of Texas, sitting by designation.

moved to terminate the removal proceedings, arguing that the Nevada conviction was not a felony theft offense. An Immigration Judge ("IJ") denied the motion and ordered Szczypka removed; the Board of Immigration Appeals ("BIA") dismissed his appeal. We have jurisdiction to consider Szczypka's petition for review under 8 U.S.C. § 1252(a) and deny the petition.

We apply the categorical approach to determine whether Szczypka's Nevada conviction qualifies as a "theft offense" under 8 U.S.C. § 1101(a)(43)(G). *See United States v. Alvarado-Pineda*, 774 F.3d 1198, 1202 (9th Cir. 2014). Under the categorical approach, the Nevada conviction is a qualifying offense if the elements of N.R.S. § 200.380 are the same as or narrower than those of a generic federal "theft offense." *See id.* Thus, the analysis requires comparison of the elements of the state crime to those of the federal generic offense. However, none of Szczypka's briefing, either to the agency or this Court, engaged in the required analysis.

Both before the IJ and the BIA, Szczypka argued that the elements of Nevada robbery under N.R.S. § 200.380 are narrower than the elements of Nevada's felony theft and larceny offenses, N.R.S. §§ 205.0832 and 205.240. The BIA, although expressly noting that "Nevada's theft and larceny statutes are not at issue here and are not the appropriate comparison vehicles for determining whether there is a categorical match," nonetheless compared the elements of Nevada robbery to the federal generic crime and found a categorical match. Because the BIA engaged in

that analysis, had Szczypka challenged the BIA's determination that Nevada robbery was a categorical match for the federal generic theft offense, we would find that his argument was sufficiently exhausted before the agency. *See Rodriguez-Castellon v. Holder*, 733 F.3d 847, 852 (9th Cir. 2013).

But, despite the BIA's warning, Szczypka's opening brief in this Court and his supplemental brief, filed in response to our order that the parties compare the intent elements of the Nevada and federal generic crimes, persisted in comparing the Nevada robbery statute to that State's theft and larceny laws. We therefore find Szczypka forfeited any argument that the Nevada robbery statute is categorically broader than the federal generic crime. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010).[1]

**PETITION FOR REVIEW DENIED.**

---

[1] We decline to address Szczypka's argument that conspiracy to commit robbery is not a theft offense under 8 U.S.C. § 1101(a)(43)(G). Szczypka was convicted of robbery under N.R.S. § 200.380, not conspiracy.