NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 15 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

PHONESAVANH NAKHOKKONG,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.    18-70936

Agency No. A023-897-181

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted January 13, 2021
Pasadena, California

Before:  CALLAHAN and WATFORD, Circuit Judges, and RAKOFF,[**] District
Judge.

Phonesavanh Nakhokkong petitions for review of the Board of Immigration

Appeals' (BIA) decision affirming the immigration judge's order removing him to

Laos, based on Nakhokkong's conviction of sexual conduct with a minor under 15

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Jed S. Rakoff, United States District Judge for the
Southern District of New York, sitting by designation.

years of age in violation of Arizona Revised Statutes §§ 13-705, 13-1405. Because Nakhokkong's conviction categorically qualifies as a "crime of child abuse," *see* 8 U.S.C. § 1227(a)(2)(E)(i), we deny the petition.

The BIA's generic definition of a crime of child abuse includes "any offense involving an intentional, knowing, reckless, or criminally negligent act or omission that constitutes maltreatment of a child or that impairs a child's physical or mental well-being." *Matter of Velazquez-Herrera*, 24 I. & N. Dec. 503, 512 (BIA 2008). We deferred to this definition in *Jimenez-Juarez v. Holder*, 635 F.3d 1169, 1171 (9th Cir. 2011).

Nakhokkong's offense of conviction qualifies as a crime of child abuse under this definition. He pleaded guilty to an offense that required proof of the following elements: (1) the defendant "intentionally or knowingly engag[ed] in sexual intercourse or oral sexual contact" with a minor under 15 years of age and (2) the defendant was at least 18 years of age or was tried as an adult. Ariz. Rev. Stat. §§ 13-705(F), (Q)(1); 13-1405(A)–(B). The offense satisfies the *mens rea* requirement of *Velazquez-Herrera*'s definition because it requires an intentional or knowing act. And the offense satisfies the *actus reus* requirement because sexual intercourse or oral sexual contact between an adult who is at least 18 years of age and a minor who is under 15 years of age "categorically constitutes maltreatment

of a child and impairs the child's mental well-being." *Jimenez-Juarez*, 635 F.3d at 1171 n.2.

Nakhokkong contends that his offense of conviction is overbroad because the defendant need not be 18 years of age or older; in theory at least, the defendant could have been younger than 18 but "tried as an adult." Ariz. Rev. Stat. § 13-705(F). That the defendant is under 18, however, does not necessarily mean that his conviction under §§ 13-705 and 13-1405 falls outside the generic offense. Instead, even for a defendant under 18, the conduct supporting the conviction could constitute "maltreatment of a child" in some circumstances and therefore fit the generic definition of a "crime of child abuse." For an offense to be overbroad, there must be a "realistic probability," not merely "a theoretical possibility," that a defendant will be convicted on facts that extend beyond the elements of the generic offense. *Banuelos-Ayon v. Holder*, 611 F.3d 1080, 1085 (9th Cir. 2010) (quoting *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007)). "To show that realistic probability, an offender . . . must at least point to his own case or other cases in which the state courts in fact did apply the statute in the special (nongeneric) manner for which he argues." *Duenas-Alvarez*, 549 U.S. at 193. Nakhokkong has not identified a single case in which an offender under 18 years of age was convicted under these statutes for sexual contact with a minor under 15 years of

age, let alone a case in which the offender's conduct did not otherwise constitute "maltreatment of a child." As a result, his overbreadth challenge fails.

The BIA correctly determined that Nakhokkong's offense of conviction qualifies as a "crime of child abuse" under *Velazquez-Herrera*'s definition of that term. Accordingly, we need not resolve the parties' dispute over whether the BIA's decision in *Matter of Soram*, 25 I. & N. Dec. 378 (BIA 2010), is also entitled to deference under *Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 842–43 (1984).

The motion of Immigration Law Professors, Experts, and Clinicians for leave to file an amicus curiae brief (Dkt. 36) is granted.

**PETITION FOR REVIEW DENIED.**