NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 8 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

  v.

JUAN JAVIER BRISUELA ALDANA,
AKA Juan Javier Brizuela, AKA Juan
Brizuela Aldana,

    Defendant-Appellant.

No.   19-50036

D.C. No. 2:18-cr-00460-PA-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Argued and Submitted February 7, 2022
Pasadena, California

Before:  LIPEZ,[**] TALLMAN, and LEE, Circuit Judges.

Juan Javier Brisuela Aldana appeals the dismissal of his collateral attack

upon his conviction for illegal reentry. 8 U.S.C. § 1326. We have jurisdiction

under 28 U.S.C. § 1291 and we affirm.

---

    [*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]     The Honorable Kermit V. Lipez, United States Circuit Judge for the First Circuit, sitting by designation.

Brisuela Aldana argues that the district court erred in denying his motion to dismiss the indictment under § 1326(d) because his due process rights were violated in the underlying immigration proceedings in which he was ordered removed in absentia. "We review de novo the denial of a motion to dismiss an indictment under 8 U.S.C. § 1326 when the motion is based on alleged due process defects in an underlying deportation proceeding." *United States v. Vasquez-Gonzalez*, 901 F.3d 1060, 1065 (9th Cir. 2018) (quoting *United States v. Alvarado-Pineda*, 774 F.3d 1198, 1201 (9th Cir. 2014)).

To collaterally attack the validity of a prior removal order in this context, the noncitizen must show that: "(1) the alien exhausted any administrative remedies that may have been available to seek relief against the order; (2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; and (3) the entry of the order was fundamentally unfair." 8 U.S.C. § 1326(d); *see United States v. Palomar-Santiago*, 141 S. Ct. 1615, 1622 (2021).

Brisuela Aldana failed to show that he has exhausted administrative remedies. An order of removal in absentia may be rescinded "upon a motion to reopen filed at *any time* if the alien demonstrates that the alien did not receive notice in accordance with paragraph (1) or (2) of section 1229(a)." 8 U.S.C. § 1229a(b)(5)(C)(ii) (emphasis added). Brisuela Aldana demonstrated his ability to seek such relief

when, in 2010, he filed a motion to reopen on the grounds contemplated in § 1229a(b)(5)(C)(ii), but then withdrew the motion. Where a person voluntarily abandons a petition for review, he fails to exhaust an available remedy. *See Noriega-Lopez v. Ashcroft*, 335 F.3d 874, 878 (9th Cir. 2003).

Therefore, Brisuela Aldana does not satisfy the first requirement of § 1326(d) that he exhausted administrative remedies, but he is free to file a motion to reopen "at any time." 8 U.S.C. § 1229a(b)(5)(C)(ii).

**AFFIRMED.**