**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

          v.

JOSE JESUS CAMACHO-LOPEZ,
          *Defendant-Appellant.*

No. 05-10455

D.C. No.
CR-04-20182-JF

OPINION

Appeal from the United States District Court
for the Northern District of California
Jeremy Fogel, District Judge, Presiding

Argued and Submitted
March 16, 2006—San Francisco, California

Filed May 30, 2006

Before: Alfred T. Goodwin, Stephen Reinhardt, and
Michael Daly Hawkins, Circuit Judges.

Opinion by Judge Hawkins

**COUNSEL**

Cynthia C. Lie (briefed), Assistant Federal Public Defender, and Mara K. Goldman (briefed), Research Attorney, San Jose, California, for the defendant-appellant.

Susan Knight (briefed and argued), Assistant U.S. Attorney, San Jose, California, for the plaintiff-appellee.

**OPINION**

HAWKINS, Circuit Judge:

Jose Jesus Camacho-Lopez ("Camacho") appeals his conviction for illegal reentry following deportation, arguing that a defect in his earlier deportation proceeding — the Immigration Judge's ("IJ") advice that Camacho was ineligible for

discretionary relief because of his vehicular manslaughter conviction — invalidates his deportation order and appeal waiver, thereby rendering an essential element of his conviction missing. We agree.

## FACTS AND PROCEDURAL HISTORY

Camacho was admitted to the United States as a lawful permanent resident in 1978. He was later convicted on two counts of vehicular manslaughter with gross negligence, in violation of California Penal Code section 191.5(a). After his release from prison, Camacho was served with a Notice to Appear, alleging that Camacho was subject to removal because his conviction qualified as an aggravated felony.

At his deportation hearing, the IJ noted that Camacho had been convicted of vehicular manslaughter and therefore found "that the respondent is not eligible for withholding of removal even if he wished to file the said application, particularly (unintelligible) this court will pre-permit [sic] the respondent's application for withholding should he (unintelligible) to file it." The IJ then asked Camacho if he wanted to waive his right to appeal. Camacho responded that he "[di]dn't have any other choice," and accepted the order as final. The IJ then ordered Camacho's removal to Mexico, which was executed on November 24, 1998.

Six years later, Camacho was found in the United States and indicted for illegal reentry following deportation in violation of 8 U.S.C. § 1326. He unsuccessfully sought dismissal of the indictment based on *Leocal v. Ashcroft*, 543 U.S. 1 (2004). In *Leocal*, the Supreme Court held that a Florida DUI offense did not constitute a "crime of violence" within the meaning of 18 U.S.C. § 16. *Id.* at 4. Camacho thereafter entered a conditional guilty plea to the charge, preserving the issue for appeal. While Camacho's appeal was pending, we applied *Leocal* in *Lara-Cazares v. Gonzales*, 408 F.3d 1217 (9th Cir. 2005), and held that a conviction for gross vehicular

manslaughter while intoxicated, under California Penal Code section 191.5(a), does not constitute a "crime of violence" under 18 U.S.C. § 16 and, thus, is not an aggravated felony as defined by the Immigration and Nationality Act ("INA"), *see* 8 U.S.C. § 1101(a)(43).

## STANDARD OF REVIEW

"We review a denial of a motion to dismiss an 8 U.S.C. § 1326 indictment de novo when the motion is based upon an alleged due process defect in the underlying deportation proceeding." *United States v. Pallares-Galan*, 359 F.3d 1088, 1094 (9th Cir. 2004). The district court's factual findings are reviewed for clear error. *United States v. Hinojosa-Perez*, 206 F.3d 832, 835 (9th Cir. 2000).

## DISCUSSION

**[1]** "Because the underlying removal order serves as a predicate element of [a § 1326 illegal reentry offense], a defendant charged with that offense may collaterally attack the removal order under the due process clause." *Pallares-Galan*, 359 F.3d at 1095. In order to sustain the attack under the controlling statutory provisions, a defendant must ordinarily show: (1) exhaustion of available administrative remedies to seek relief from the deportation order, (2) improper deprivation of the opportunity for judicial review, and (3) fundamental unfairness of the underlying removal order. *See* 8 U.S.C. § 1326(d).

**[2]** Here, the government concedes that *Leocal* — a substantive interpretation of "crime of violence" under 18 U.S.C. § 16 — applies to Camacho's 1998 deportation hearing. Because the IJ erroneously advised Camacho that he was ineligible for discretionary relief when the IJ implicitly characterized Camacho's conviction as an aggravated felony, the government also concedes that Camacho is excused from the exhaustion requirement and that Camacho was deprived of a

meaningful opportunity for judicial review. *See Pallares-Galan*, 359 F.3d at 1096-98.

**[3]** Still, to succeed in his attack, Camacho must demonstrate that he was prejudiced and that, therefore, the removal order was fundamentally unfair. *See* 8 U.S.C. § 1326(d)(3). Camacho's Notice to Appear charged him as removable *only* for having committed an aggravated felony; as discussed above, Camacho's prior conviction did not fit that definition. Thus, Camacho was removed when he should not have been and clearly suffered prejudice.[1] We, therefore, reverse and remand with instructions to dismiss the indictment.

**REVERSED and REMANDED.**

---

[1]In this respect, Camacho's case differs from *Pallares-Galan*. Pallares-Galan had additional convictions alleged in the original Notice to Appear, which also could have supported his removability and led us to remand to the district court to consider the issue of prejudice. 359 F.3d at 1092, 1103-04.