

**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50219 |
| Plaintiff - Appellee, | D.C. No. 3:11-cr-03255-WQH-1 |
| v. | |
| ROBERTO FRANCISCO RAMOS-PEREZ, | AMENDED MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Submitted July 9, 2013[**]
Pasadena, California

Filed July 15, 2013
Amended May 13, 2014

Before: GRABER, RAWLINSON, and WATFORD, Circuit Judges.

Defendant Roberto Ramos-Perez appeals the district court's denial of his

motion to dismiss an indictment charging him with being a previously deported

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

alien found in the United States, in violation of 8 U.S.C. § 1326, and for using a false document to gain admission to the United States, in violation of 18 U.S.C. § 1546(a). After the court denied his motion, Defendant entered a conditional guilty plea, preserving the dismissal ruling for appeal. We affirm.

1. Defendant first argues that his deportation was invalid because his conviction for assault with a deadly weapon, in violation of section 245(a)(1) of the California Penal Code, was not a conviction for a crime of moral turpitude. In Ceron v. Holder, No. 08-70836, 2014 WL 1274096 (9th Cir. Mar. 31, 2014) (en banc), we remanded to the Board of Immigration Appeals the question whether, as now interpreted by California courts, such a conviction is for a crime involving moral turpitude. Here, though, the California jury also found that the enhancement in California Penal Code section 12022.7(a) applied. As Defendant concedes, in 1991 at the time of his conviction, that section required the jury to find both that he intended to inflict injury and that he in fact personally inflicted serious bodily injury. See People v. Poroj, 117 Cal. Rptr. 3d 884, 891 (Ct. App. 2010) (discussing elements of section 12022.7(a) before 1996 amendment). Ceron is therefore distinguishable. See Morales-Garcia v. Holder, 567 F.3d 1058, 1065 (9th Cir. 2009) (noting that an assault conviction that necessarily involves the aggravating factors of intent and serious injury is a crime involving moral turpitude).

2

Defendant argues, though, that we may not consider the records of conviction demonstrating that the jury found this enhancement, because the immigration judge did not have those documents and did not rely specifically on the enhancement. We remain unpersuaded that the indictment should be dismissed on due process grounds. "[T]o succeed in his attack, [Defendant] must demonstrate that he was prejudiced and that, therefore, the removal order was fundamentally unfair." United States v. Camacho-Lopez, 450 F.3d 928, 930 (9th Cir. 2006). He has not established prejudice. Unlike in Camacho-Lopez, Defendant was not "removed when he should not have been." Id. In examining the question of prejudice, we may consider conviction-related documents that were not before the immigration judge. See United States v. Bustos-Ochoa, 704 F.3d 1053, 1056–57 (9th Cir. 2012) (per curiam), cert. denied, 134 S. Ct. 301 (2013).

2. Defendant also argues that he is entitled to the "petty offense" exception to inadmissibility, 8 U.S.C. § 1182(a)(2)(A)(ii)(II), for his conviction of grand theft, in violation of section 487 of the California Penal Code. This argument is unavailing because it depends on the success of Defendant's first argument. The statutory exception is available only to "an alien who committed only one crime" of moral turpitude. 8 U.S.C. § 1182(a)(2)(A)(ii). Grand theft in violation of section 487 of the California Penal Code, like assault with a deadly weapon, is a crime of moral turpitude. Rashtabadi v. INS, 23 F.3d 1562, 1568 (9th Cir. 1994).

3

Because Defendant was convicted of two such crimes, he is not eligible for the petty offense exception.

AFFIRMED.