**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 13 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50405 |
| Plaintiff - Appellee, | D.C. No. 3:12-cr-05132-JLS-1 |
| v. | |
| JORGE FRANCISCO BRAVO-ROSAS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Janis L. Sammartino, District Judge, Presiding

Argued and Submitted April 6, 2015
Pasadena, California

Before: SILVERMAN and BEA, Circuit Judges and DONATO,[**] District Judge.

Jorge Francisco Bravo-Rosas appeals his conviction for illegal reentry after

removal in violation of 8 U.S.C. § 1326(a).  We have jurisdiction under 28 U.S.C.

§ 1291.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable James Donato, District Judge for the U.S. District Court for the Northern District of California, sitting by designation.

I.

To convict a defendant of "illegal reentry under 8 U.S.C. § 1326, the Government must establish that the defendant 'left the United States under order of exclusion, deportation, or removal, and then illegally reentered.'" *United States v. Raya-Vaca*, 771 F.3d 1195, 1201 (9th Cir. 2014) (quoting *United States v. Barajas–Alvarado*, 655 F.3d 1077, 1079 (9th Cir. 2011)). Bravo filed a motion to dismiss the indictment to challenge the validity of the expedited removal order that served as the basis for his conviction, as was his right under the Fifth Amendment. *See United States v. Ubaldo-Figueroa*, 364 F.3d 1042, 1047 (9th Cir. 2004). We review "a denial of a motion to dismiss an 8 U.S.C. § 1326 indictment de novo when the motion is based upon . . . alleged due process defect[s] in the underlying deportation proceeding." *Raya-Vaca*, 771 F.3d at 1201 (9th Cir. 2014) (quoting *United States v. Camacho–Lopez*, 450 F.3d 928, 929 (9th Cir. 2006)). We review for clear error the district court's findings of fact. *Id*.

The district court applied the framework we articulated in *Barajas-Alvarado* to find the alleged due process violations during Bravo's expedited removal did not prejudice Bravo. We have since refined that framework in *Raya-Vaca*. Because the district court did not have the benefit of our opinion in *Raya-Vaca*, we vacate its decision to deny Bravo's motion to dismiss and remand for the district court to

reevaluate, in light of *Raya-Vaca*, whether Bravo's due process rights were violated and whether he suffered prejudice as a result of the alleged violations. We leave it to the district court to decide whether the parties should supplement the evidentiary record before the district court makes its decision.

## II.

None of Bravo's alleged trial errors warrant reversal of Bravo's conviction. First, the district court did permit Officer Valdes to testify in violation of the sequestration order. But "[a] witness is not [automatically] disqualified merely because he remains in the courtroom after a sequestration order." *United States v. English*, 92 F.3d 909, 913 (9th Cir. 1996) (citation omitted). Disqualification is "strongly disfavored." *Id.* The prosecutor was unaware of Bravo's "official restraint" defense until after the prosecutor excused Officer Valdes. As a result, there was "no indication the prosecution intended to violate the court's order." *Id.* The district court therefore did not abuse its discretion. *Id.*

Second, the district court correctly instructed the jury on Bravo's "official restraint" defense. For a defendant to be entitled to a jury instruction, his proposed instruction must have a "basis in fact and law." *United States v. Romm*, 455 F.3d 990, 1002 (9th Cir. 2006). To that end, we have held that "those who evade government observation *while crossing* the border are deemed to be free from

3

official restraint, *regardless of the distance they travel between entry and arrest*." *United States v. Cruz-Escoto*, 476 F.3d 1081, 1085–86 (9th Cir. 2007) (some emphasis in original). Bravo's proposed jury instruction asked the jury to consider, among other factors, "the distance he may have traveled into the United States" and "the amount of time he may have been physically present in the United States prior to apprehension." The instruction therefore did not have a "basis in law."

Third, the prosecutor did not improperly vouch for Officer Valdes during closing argument because the prosecutor did not "place[] the prestige of the government behind [Valdes] by providing personal assurances of" Valdes's testimony or suggest that Valdes's testimony was "supported by information outside that presented to the jury." *United States v. Wright*, 625 F.3d 583, 610 (9th Cir. 2010) (citation omitted). Further, the prosecutor could suggest Bravo's testimony was not credible because it was "reasonable to infer, and hence to argue, that one of the two sides [was] lying." *United States v. Ruiz*, 710 F.3d 1077, 1083 (9th Cir. 2013); *see also United States v. Molina*, 934 F.2d 1440, 1445 (9th Cir. 1991) (same).

Fourth, the prosecutor's statement during closing argument that Castro "was hiding in that brush because he was a convicted felon" does not warrant reversal

4

even if defense counsel properly objected below. *See United States v. Vaandering*, 50 F.3d 696, 701 (9th Cir. 1995). Though the government conceded the statement was improper at oral argument, "[e]stablishing . . . prosecutorial misconduct is not in and of itself sufficient to merit reversal of a conviction." *United States v. Berry*, 683 F.3d 1015, 1024 (9th Cir. 2012) (citation omitted). "[I]mproprieties in counsel's arguments to the jury do not constitute reversible error unless they are so gross as probably to prejudice the defendant, and the prejudice has not been neutralized by the trial judge." *Id.* (citation omitted). The jury already knew of Bravo's conviction because the district court authorized the prosecution to use the conviction for impeachment purposes. And the prosecutor repeatedly referenced the conviction for that purpose during closing argument. The prosecutor's single improper reference to the conviction as Bravo's motive for evading immigration officials was not "so gross as probably to prejudice" Bravo. *Id.* Further, the district court's instruction to the jury that it could consider the conviction "only as it may affect the defendant's believability as a witness" neutralized any alleged prejudice. *United States v. Lopez-Alvarez*, 970 F.2d 583, 598 (9th Cir. 1992).

**VACATED AND REMANDED.**