**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50290 |
| Plaintiff - Appellee, | D.C. No. 2:12-cr-00032-DDP-1 |
| v. | |
| CESAR PULIDO-ESTRADA, AKA Cesar Ortiz, AKA Cesar Pulido, AKA Cesar Villa, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Argued and Submitted August 26, 2014
Submission Vacated August 29, 2014
Resubmitted August 18, 2015
Pasadena, California

Before: O'SCANNLAIN and RAWLINSON, Circuit Judges and GLEASON,[***]
District Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[***]    The Honorable Sharon L. Gleason, District Judge for the U.S. District Court for the District of Alaska, sitting by designation.

Cesar Pulido-Estrada appeals the district court's denial of his motion to dismiss his indictment for illegal reentry. On appeal, the government has abandoned its arguments regarding Pulido-Estrada's conviction for grand theft auto under Cal. Penal Code § 487(d), conceding that such conviction does not qualify as an "aggravated felony" under 8 U.S.C. § 1101(a)(43). We therefore consider only whether the district court's order can be affirmed under the government's argument regarding Pulido-Estrada's conviction for taking a vehicle without consent under Cal. Veh. Code § 10851(a).

In order to prevail on his collateral attack to his order of removal, Pulido-Estrada must show that: (1) he exhausted his administrative remedies; (2) the deportation proceedings at which the order was issued improperly deprived him of the opportunity for judicial review; and (3) the entry of the order was fundamentally unfair. *See* 8 U.S.C. § 1326(d); *United States v. Vidal-Mendoza*, 705 F.3d 1012, 1015 (9th Cir. 2013).

I

The first two elements are no longer seriously contested on appeal. Although Pulido-Estrada elected not to appeal his removal order to the Board of Immigration Appeals, he did so only after the immigration judge ("IJ") told him that there was no relief available to him. The IJ based this conclusion on the

2

theory that Pulido-Estrada's section 487(d) conviction qualified as an aggravated felony, thus rendering him ineligible for certain forms of relief. The government now concedes that the section 487(d) conviction was not an aggravated felony, but it has advanced no alternative argument for why—on the basis of the record before him—the IJ was still correct to state that Pulido-Estrada was ineligible for relief from removal.[1] We must therefore conclude that, without the section 487(d) conviction, the IJ's statement that Pulido-Estrada was not eligible for relief was made in error. In light of this error, Pulido-Estrada's waiver of his right to appeal was not sufficiently "considered and intelligent," which thus excuses his failure to exhaust and satisfies the first two elements of his § 1326(d) collateral attack. *See Vidal-Mendoza*, 705 F.3d at 1015–16 (internal quotation marks omitted).

## II

Under the third element, Pulido-Estrada must show that defects in the removal proceedings violated his due process rights and that he suffered prejudice as a result of such defects. *See id.* The government argues that he cannot show prejudice from any error in the analysis of his section 487(d) conviction, because

---

[1] Instead, the government has limited its argument to whether Pulido-Estrada can demonstrate *prejudice* in light of his section 10851(a) conviction, discussed *infra*.

3

his additional section 10851(a) conviction also qualifies as an aggravated felony, thus rendering him ineligible for relief from removal.

Although a conviction that was not alleged in the Notice to Appear may be used to deny an alien discretionary *relief* from removal, it may not serve as the basis for the underlying *order of removal* itself. *See United States v. Gonzalez-Valerio*, 342 F.3d 1051, 1054–56 (9th Cir. 2003); *Chowdhury v. INS*, 249 F.3d 970, 974–75 (9th Cir. 2001). The only basis for removal alleged in Pulido-Estrada's Notice to Appear was that his section 487(d) conviction qualified as an aggravated felony. Because the government has abandoned that argument, Pulido-Estrada was not removable as charged. It was prejudicial for him to be removed in such circumstances. *See United States v. Aguilera-Rios*, 769 F.3d 626, 637 (9th Cir. 2014); *United States v. Camacho-Lopez*, 450 F.3d 928, 930 (9th Cir. 2006).[2]

**REVERSED.**[3]

---

[2] We do not address Pulido-Estrada's arguments regarding his eligibility for relief under INA § 212(h).

[3] The government's Motion for Judicial Notice, filed with this court on August 21, 2014, is denied.