**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 16 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>ALBERTO MALDONADO-MELGOZA,<br><br>Defendant - Appellant. | No. 14-50574<br><br>D.C. No. 3:14-cr-02463-LAB-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Argued and Submitted March 10, 2016
Pasadena, California

Before: MURPHY,[**] PAEZ, and NGUYEN, Circuit Judges.

Alberto Maldonado-Melgoza challenges his conviction for being a removed

alien found in the United States in violation of 8 U.S.C. § 1326(a) and (b).  We

reverse.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Michael R. Murphy, Senior Circuit Judge for the U.S.
Court of Appeals for the Tenth Circuit, sitting by designation.

"Because the underlying removal serves as a predicate element of an illegal reentry offense under § 1326, a defendant charged with that offense may collaterally attack the removal order under the due process clause." *United States v. Pallares-Galan*, 359 F.3d 1088, 1095 (9th Cir. 2004). In order to collaterally attack the order, however, the defendant must meet the criteria laid out in 8 U.S.C. § 1326(d). The defendant must demonstrate that:

> (1) the alien exhausted any administrative remedies that may have been available to seek relief against the order;
> (2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; and
> (3) the entry of the order was fundamentally unfair.

*Id.* We hold that Maldonado-Melgoza has met these requirements and can therefore challenge his underlying removal order.

Maldonado-Melgoza was removed on the basis of his California conviction for first-degree residential burglary, which the immigration judge determined was an aggravated felony under 8 U.S.C. § 1101(a)(43)(F). In *Dimaya v. Lynch*, we recently held that 18 U.S.C. § 16(b), as incorporated by 8 U.S.C. § 1101(a)(43)(F), is unconstitutionally vague. 803 F.3d 1110, 1120 (9th Cir. 2015). The government concedes that in light of *Dimaya v. Lynch*, Maldonado-Melgoza satisfies § 1326(d)(3)'s fundamental unfairness requirement. *See United States v.*

2

*Camacho-Lopez*, 450 F.3d 928, 930 (9th Cir. 2006). The government maintains that Maldonado-Melgoza nonetheless cannot challenge his underlying removal order because he failed to meet the requirements of § 1326(d)(1) and (2). However, the government waived this argument by failing to raise it before the district court. *See Walsh v. Nevada Dep't of Human Res.*, 471 F.3d 1033, 1037 (9th Cir. 2006). Accordingly, Maldonado-Melgoza may collaterally attack his removal order.

Intervening changes in law that render a removal order invalid are fully retroactive for purposes of challenging a § 1326 prosecution. *United States v. Aguilera-Rios*, 769 F.3d 626, 633 (9th Cir. 2014). "Otherwise, an individual who had the right to remain here as a legal resident—and to return to this country if he leaves—but was removed as a result of a legal error, would be subject to criminal conviction and incarcerated for returning." *Id.* Because *Dimaya v. Lynch* invalidated the basis for Maldonado-Melgoza's removal order, we reverse his conviction.

**REVERSED.**

The mandate shall issue forthwith.