**UNITED STATES of America, Plaintiff,**

v.

**Jose Armando TAVIZON-RUIZ, Defendant.**

**Case No. 16-cr-00081-JD-1**

United States District Court, N.D. California.

Signed 07/25/2016

---

Erin A. Cornell, U.S. Attorneys' Office, Oakland, CA, for Plaintiff.

Hanni Meena Fakhoury, Federal Public Defender, Oakland, CA, for Defendant.

## ORDER RE INDICTMENT

Re: Dkt. No. 18

JAMES DONATO, United States District Judge

On February 25, 2016, defendant Jose Armando Tavizon-Ruiz was indicted under 8 U.S.C. § 1326 on one count of illegal reentry following deportation. Dkt. No. 1. The indictment alleges predicate removals from the United States in 1999 and 2006, *id.*, based on narcotics convictions in Arizona. *See* Dkt. No. 18 at 2-3. Tavizon-Ruiz seeks dismissal of the indictment on the ground that a new interpretation of aggravated felonies under the Immigration and Nationality Act should be applied retroactively to invalidate the predicate removals. Dkt. No. 18. The Court held oral argument on July 14, 2016, and dismisses the indictment.

"Because the underlying removal serves as a predicate element of an illegal entry offense under § 1326, a defendant charged with that offense may collaterally attack the removal order under the due process clause." *United States v. Maldonado–Melgoza*, 642 Fed.Appx. 737, 738 (9th

Cir.2016) (internal quotation omitted). To bring a collateral attack, the defendant must show that: (1) he exhausted the administrative remedies available for seeking relief from the removal order; (2) the deportation proceedings "improperly deprived [him] of the opportunity for judicial review"; and (3) the entry of the removal order was "fundamentally unfair." *Id.; see also* 8 U.S.C. § 1326(d).

 The government agrees that Tavizon-Ruiz has satisfied the first two elements and raises no issue or argument about them. For the third element of fundamental unfairness, Tavizon-Ruiz needs to show that "defects in the removal proceedings violated his due process rights and that he suffered prejudice as a result of such defects." *United States v. Pulido-Estrada,* 624 Fed.Appx. 526, 527 (9th Cir. 2015). On first pass, he looks to have met this test. The 1999 and 2006 removal orders were based exclusively on a determination that narcotics convictions he had sustained under Arizona Revised Statutes ("ARS") § 13–3408 were aggravated felonies permitting removal from the United States under Section 237(a)(2) of the Immigration and Nationality Act, 8 U.S.C. Section 1227(a)(2). *See* Dkt. No. 18–2.[1] But the Ninth Circuit now holds that a conviction under ARS Section 13–3408 is not an aggravated felony allowing for removal under Section 237(a)(2) because the Arizona statute regulates substances not listed on the Federal Controlled Substance Schedule. *Vera–Valdevinos v. Lynch,* No. 14–73861, 2016 WL 2731951, at *1 (9th Cir. 2016).

██ As the government acknowledges, *Vera–Valdevinos* is presumptively retroactive because it is the interpretation of a law. Dkt. No. 19 at 7. " '[D]ecisions of statutory interpretation are fully retroactive because they do not change the law, but rather explain what the law has always meant.' " *United States v. Aguilera–Rios,* 769 F.3d 626, 631 (9th Cir.2014) (quoting *United States v. Rivera–Nevarez,* 418 F.3d 1104, 1107 (10th Cir.2005)); *see also Rivers v. Roadway Express, Inc.,* 511 U.S. 298, 312–13, 114 S.Ct. 1510, 128 L.Ed.2d 274 (1994) (judicial construction of statute is "authoritative statement of what the statute meant before as well as after the decision of the case giving rise to that construction"). The Ninth Circuit applied this rule of retroactivity in *Aguilera–Rios,* on facts quite similar to the ones here, to reverse a conviction under Section 1326 because the predicate removal order had been based on an offense that was subsequently held not to meet the aggravated felony definition. *Aguilera–Rios,* 769 F.3d at 634–35.

In effect, then, *Vera–Valdevinos* provides the correct interpretation of the law as it stood in 1999 and 2006 when Tavizon-Ruiz was removed. Consequently, those removals were based on a legal error by the government and were invalid because they incorrectly treated Tavizon-Ruiz's narcotics convictions as aggravated felonies. This satisfies the third and final element of fundamental unfairness in his collateral attack on the predicate removals. "Where a prior removal order is premised

---

1. The term "aggravated felony" includes "illegal trafficking in a controlled substance," among other criminal conduct. 8 U.S.C. § 1101(43)(B). While the removal papers mention several Arizona statutes, Tavizon-Ruiz identifies ARS Section 13–3408 as the sole basis for removal, Dkt. No. 18 at 1, and the government does not dispute that or rely on any other alleged aggravated felony. The other sections of the ARS cited in the removal papers are mainly definitional or remedial provisions for Section 13–3408. *See* Dkt. No. 18–2, Exhs. A, D. The only exception is a reference in the 2006 Notice to ARS Section 13–1408, which addresses "Adultery; classification; punishment; limitation on prosecution," and is almost certainly a typo. Dkt. No. 18–2, Exh. D.

on the commission of an aggravated felony, a defendant who shows that the crime of which he was previously convicted was not, in fact, an aggravated felony, has established both that his due process rights were violated and that he suffered prejudice as a result." *United States v. Martinez*, 786 F.3d 1227, 1230 (9th Cir.2015) (citation omitted).

The government does not seriously dispute these considerations and agrees that convictions under ARS Section 13–3408 no longer qualify as aggravated felonies for purposes of the immigration laws. But it says that none of this applies to Tavizon-Ruiz. The government contends that *Vera–Valdevinos* applies retroactively to invalidate removal orders only for defendants "otherwise legally entitled to be in the United States." Dkt. No. 19 at 6. This argument is based mainly on the observation that the defendant *Aguilera–Rios* was "an individual who had the right to remain here as a legal resident." *Id.* at 7 (quoting *Aguilera–Rios*, 769 F.3d at 633). In the government's view, this means the Ninth Circuit has "expressly limited" the retroactive application of a new statutory interpretation to individuals lawfully within the United States. Since Tavizon-Ruiz is not in this country legally, a fact that he does not deny, he cannot, in the government's view, get the benefit of the *Vera–Valdevinos* holding.

The government's position is not well taken. Neither *Aguilera–Rios* nor any of the other cases cited by the government articulate the sweeping proposition it urges. To the contrary, *Aguilera–Rios* embraces a Tenth Circuit case that retroactively applied a statutory interpretation to find error in the removal of a Mexican citizen who had no apparent legal right to be in the United States. *See Rivera–Nevarez*, 418 F.3d at 1105–07. And the due process consequences that would flow from the government's position are illogical and disturbing. Under the government's interpretation of *Aguilera–Rios*, an alien who is not lawfully in the country could be convicted and imprisoned for the crime of illegal re-entry even though the prior removals were made in error and the required element of a valid removal for a Section 1326 conviction does not exist. To make the due process problem even worse, a lawful resident alien in identical circumstances could not prosecuted. These outcomes are wholly at odds with our traditional concepts of due process and fairness. *See Zadvydas v. Davis*, 533 U.S. 678, 693, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001) ("Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent").

The predicate removals for the Section 1326 charge are invalid. Since the only bases for those removals were the ARS Section 13–3408 convictions, the government cannot rely on any other ground to support them. *See Chowdhury v. INS*, 249 F.3d 970, 975 (9th Cir.2001). Consequently, the indictment is dismissed.

**IT IS SO ORDERED.**