**NOT FOR PUBLICATION**

FILED

DEC 14 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-10354 |
| Plaintiff-Appellee, | D.C. No. 3:14-cr-00525-RS-1 |
| v. | |
| JOSE OCHOA, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Richard Seeborg, District Judge, Presiding

Argued and Submitted August 9, 2016
San Francisco, California

Before: GRABER and McKEOWN, Circuit Judges, and LYNN,[**] Chief District
Judge.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Barbara M. G. Lynn, United States Chief District Judge
for the Northern District of Texas, sitting by designation.

Defendant Jose Ochoa was convicted of illegal reentry into the United States under 8 U.S.C. § 1326. Prior to trial, he moved to dismiss the indictment, challenging his 2001 removal, which was based on a conviction for conspiracy to export defense articles without a license, in violation of 22 U.S.C. § 2778(b)(2). Defendant contends that his removal infringed his due process rights, urging that his conviction for conspiracy to violate 22 U.S.C. § 2778(b)(2) cannot serve as a basis for removal.

A defendant charged with illegal entry under 8 U.S.C. § 1326 can bring a due process collateral attack on the underlying deportation order. United States v. Aguilera-Rios, 769 F.3d 626, 629-30 (9th Cir. 2014). Among other things, a defendant asserting such an attack must prove that "the deportation proceedings at which the order was issued improperly deprived [him] of the opportunity for judicial review." 8 U.S.C. § 1326(d)(2); United States v. Gonzalez-Villalobos, 724 F.3d 1125, 1132 (9th Cir. 2013). Thus, "where the defendant has failed to identify any obstacle that prevented him from obtaining judicial review of a deportation order, he is not entitled to such review as part of a collateral attack under 8 U.S.C. § 1326(d)." Gonzalez-Villalobos, 724 F.3d at 1132.

Although the government did not argue that Defendant failed to demonstrate that he was improperly deprived of the opportunity for judicial review of his deportation order, we may exercise our discretion to reach that issue, as a question of law. See Ruiz v. Affinity Logistics Corp., 667 F.3d 1318, 1322 (9th Cir. 2012); Vasquez v. Holder, 602 F.3d 1003, 1010 n.6 (9th Cir. 2010). We do so here, noting the parties had a chance to argue the issue orally.

Defendant has not satisfied his burden of showing he was deprived of an opportunity for judicial review. When a non-citizen is erroneously advised at a removal proceeding that he or she is not eligible for relief, and therefore does not seek it, the non-citizen is deprived of an opportunity to develop the issue and thus is denied an opportunity for judicial review. See, e.g., United States v. Camacho-Lopez, 450 F.3d 928, 930 (9th Cir. 2006) (noting that the defendant was denied an opportunity for judicial review when he was erroneously advised he was ineligible for discretionary relief and thus did not seek it); United States v. Pallares-Galan, 359 F.3d 1088, 1096 (9th Cir. 2004) (same). Here, in contrast, the Notice to Appear in the underlying removal proceeding charged directly that the crime that was the basis for removal was an "aggravated felony" and a "firearms offense," and these issues were directly litigated in Defendant's removal

3

proceeding, but Defendant did not seek judicial review. He has "failed to identify any obstacle that prevented him from obtaining judicial review." Gonzalez-Villalobos, 724 F.3d at 1132. Therefore, collateral attack on 8 U.S.C. § 1326(d) is precluded.

We need not and do not reach the question whether Defendant's conviction under 18 U.S.C. § 371, for conspiracy to export defense articles without a license, in violation of 22 U.S.C. § 2778(b)(2), was an aggravated felony conviction or a firearms offense.

**AFFIRMED.**