UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 24-6930 |
| Plaintiff - Appellee, | |
| v. | D.C. No. 8:21-cr-00180-JLS-1 Central District of California, Santa Ana |
| ISRAEL ARMANDO CABRERA RAMIREZ, AKA Israel Armando Cabrera, | ORDER |
| Defendant - Appellant. | |

Before: WARDLAW and DE ALBA, Circuit Judges, and BROWN, District Judge.[*]

The memorandum disposition filed on March 18, 2026, is amended, and the amended memorandum disposition is filed concurrently with this order. The panel has unanimously voted to deny the petition for panel rehearing. Judges Wardlaw and de Alba voted to deny the petition for rehearing en banc, and Judge Brown so recommended. The full court has been advised of the petition for rehearing en banc and no judge has requested a vote on whether to rehear the matter en banc. Fed. R. App. P. 40. The petition for rehearing and rehearing en banc is denied.

No further petitions for panel rehearing or rehearing en banc will be entertained.

---

[*] The Honorable Jeffrey Vincent Brown, United States District Judge for the Southern District of Texas, sitting by designation.

NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 11 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ISRAEL ARMANDO CABRERA RAMIREZ, AKA Israel Armando Cabrera,

Defendant - Appellant.

No. 24-6930

D.C. No.
8:21-cr-00180-JLS-1

AMENDED MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Josephine L. Staton, District Judge, Presiding

Argued and Submitted March 2, 2026
Pasadena, California

Before: WARDLAW and DE ALBA, Circuit Judges, and BROWN, District Judge.[**]

Israel Armando Cabrera Ramirez ("Cabrera") entered a conditional guilty

plea to unlawful reentry in violation of 8 U.S.C. §§ 1326(a), (b)(1). He appeals the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Jeffrey Vincent Brown, United States District Judge for the Southern District of Texas, sitting by designation.

district court's denial of his motion to dismiss the criminal information under 18 U.S.C. § 1326(d). We have jurisdiction under 28 U.S.C. § 1291. Reviewing the district court's order de novo and its factual findings for clear error, *United States v. Camacho-Lopez*, 450 F.3d 928, 929 (9th Cir. 2006), we affirm.

Cabrera raises a collateral attack to his 2018 order of removal pursuant to 8 U.S.C. § 1326(d). To succeed on this challenge, a defendant must show that "(1) [he] exhausted any administrative remedies that may have been available to seek relief against the order; (2) the deportation proceedings at which the order was issued improperly deprived [him] of the opportunity for judicial review; and (3) the entry of the order was fundamentally unfair." 8 U.S.C. § 1326(d). "[E]ach of the statutory requirements of § 1326(d) is mandatory." *United States v. Palomar-Santiago*, 593 U.S. 321, 329 (2021).

The district court did not err by concluding that Cabrera failed to demonstrate that his 2018 removal order was "fundamentally unfair." 8 U.S.C. § 1326(d)(3). "An underlying removal order is 'fundamentally unfair' if: (1) [a defendant's] due process rights were violated by defects in his underlying deportation proceeding, and (2) he suffered prejudice as a result of the defects." *United States v. Ubaldo-Figueroa*, 364 F.3d 1042, 1048 (9th Cir. 2004) (internal quotation marks and citation omitted). Ineffective assistance of counsel in immigration proceedings may constitute a due process violation where counsel's

24-6930

performance prevents the noncitizen "from reasonably presenting his case." *Jie Lin v. Ashcroft*, 377 F.3d 1014, 1023–24 (9th Cir. 2004) (citations omitted). Moreover, to establish prejudice, Cabrera must show "that there were plausible grounds for relief." *United States v. Ramos*, 623 F.3d 672, 684 (9th Cir. 2010) (internal quotation marks and citation omitted).

Assuming that Cabrera's counsel in immigration proceedings was constitutionally ineffective, Cabrera has failed to demonstrate that such ineffectiveness prejudiced him. As part of his 2018 removal proceedings, Cabrera applied for Cancellation of Removal for Certain Permanent Residents under 8 U.S.C. § 1229b(a). Even though Cabrera met all the statutory requirements for cancellation of removal, he failed to "establish that relief [wa]s warranted as a matter of discretion." *Ridore v. Holder*, 696 F.3d 907, 920 (9th Cir. 2012) (citing *In re C–V–T–*, 22 I. & N. Dec. 7, 10 (B.I.A. 1998)). "In exercising discretion, the [Immigration Judge ("IJ")] must consider 'the record as a whole,' and 'balance the adverse factors evidencing the alien's undesirability as a permanent resident with the social and humane considerations presented [on] his (or her) behalf.'" *Id.* (quoting *In re C–V–T–*, 22 I. & N. Dec. at 11)). "Negative considerations include . . . 'the existence of a criminal record and, if so, its nature, recency, and seriousness.'" *Id.* at 920 n.5 (quoting *In re C–V–T–*, 22 I. & N. Dec. at 11). At the time of his immigration removal hearing, Cabrera had an extensive criminal

history, including seven misdemeanor convictions, one felony conviction, and several other arrests. Moreover, there was little evidence of rehabilitation. Cabrera testified that he had used methamphetamine for the past 19 years and that he had never previously gone to treatment; indeed, he was arrested and convicted for possessing methamphetamine shortly before he was placed in removal proceedings. Accordingly, Cabrera has not demonstrated that it was plausible that the IJ would have granted him discretionary relief absent any of his counsel's errors.

**AFFIRMED**.